Anthony G. SCARIANO, Plaintiff–Appellant,

v.

JUSTICES OF the SUPREME COURT OF the STATE OF INDIANA; and Members of the State Board of Law Examiners of the State of Indiana, Defendants–Appellees.

No. 94–1783.

United States Court of Appeals, Seventh Circuit.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 2, 1995.

John M. Izzo (argued), Scariano, Kula, Ellch & Himes, Chicago, IL, for plaintiff-appellant.

David C. Campbell (argued), Karl L. Mulvaney, Sharon L. Groeger, Bingham, Summers, Welsh & Spilman, Indianapolis, IN, for defendants-appellees.

Before POSNER, Chief Judge, CUMMINGS, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, KANNE and ROVNER, Circuit Judges.

## ON PETITION FOR REHEARING AND REHEARING EN BANC

On November 9, 1994, the petitioner filed a petition for rehearing with suggestion for rehearing en banc. An answer to the petition was requested and filed. All of the judges on the original panel, CUMMINGS, BAUER, and CUDAHY, Circuit Judges, voted to deny a rehearing. A judge in regular active service requested a vote on the suggestion for rehearing en banc and the majority of the judges voted to deny an en banc rehearing. POSNER, Chief Judge, FLAUM and ROVNER, Circuit Judges, voted to grant rehearing. Accordingly, the petition for rehearing is hereby DENIED.

POSNER, Chief Judge, dissenting from denial of rehearing en banc.

The commerce clause of Article I of the Constitution has been interpreted to forbid states to erect unreasonable barriers to interstate trade, and "trade" for these purposes includes the practice of law. *Sestric v. Clark*, 765 F.2d 655, 661 (7th Cir.1985). The Indiana rule which the panel's decision upholds places a kind of tax on the practice of law in other states by permitting a lawyer to practice in Indiana without taking and passing the Indiana bar exam if the lawyer's practice is more than 50 percent "in Indiana."

To see the effect of the rule, compare, first, two lawyers, each of whom is licensed in Illinois and practices in both Illinois and Indiana. The first lawyer bills his Illinois clients for 900 hours of work a year and his Indiana clients for the same number. The

second lawyer bills his Illinois clients for 500 hours and his Indiana clients for 800. The second lawyer can gain admission to the Indiana bar without taking the Indiana bar exam. The first cannot, even though he has the larger Indiana practice. He will have an incentive to reduce the Illinois component of his practice in order to become eligible to join the Indiana bar without taking the bar exam.

When a state law is obviously protectionist—a tariff would be the clearest example—it is generally found to violate the commerce clause without further ado; in other cases, such as this, the test is whether the benefits of the law in advancing some legitimate interest of the state exceed the costs in impairing free trade among the states. E.g., *Brown–Forman Distillers Corp. v. New York State Liquor Authority*, 476 U.S. 573, 579, 106 S.Ct. 2080, 2084, 90 L.Ed.2d 552 (1986); *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 891, 108 S.Ct. 2218, 2220, 100 L.Ed.2d 896 (1988); *Government Suppliers Consolidating Services, Inc. v. Bayh*, 975 F.2d 1267, 1277–79 (7th Cir.1992). The distortion of the interstate practice of law brought about by the challenged rule is small; for it is limited, as the panel stressed, by the costs (mainly in time) of sitting for the Indiana bar exam. But the benefits are not only slight; they are negligible, because the rule is not designed to promote any legitimate interest of the state.

States have an interest in assuring the minimum competence of the lawyers who practice in their courts and advise their citizens. Most economists would believe that this interest could be best protected by allowing free competition among lawyers. Indiana is not required to subscribe to that belief. It can establish conditions for admission to its bar that are designed, paternalistically, to protect its citizens from falling into the clutches of incompetent or dishonest lawyers. It can, in particular, require as a condition of admission to its bar that lawyers take and pass its bar exam. The challenged rule establishes an alternative condition. The alternative, which is probably designed to give a break to lawyers who practice primarily or even exclusively in Indiana but happen to live in an adjacent state, allows the substitution of practical experience with Indiana law for ability to pass a test.

Or does it? Consider first the not uncommon case of a person who practices law part time. The rule requires that the lawyer seeking to take advantage of it practice "actively" in Indiana, but obviously that does not mean full-time. Suppose the lawyer practices 500 hours a year, 300 of them in Indiana. He would be entitled to admission to the Indiana bar (conditionally, until he had fulfilled the predominance requirement for five consecutive years), even though a lawyer who practiced twice as much in Indiana but more elsewhere would have to take the bar exam. This is an irrational distinction and a burden on the practice of law in the other states. And it does not merely create the kind of hard case that is inevitable whenever lines must be drawn. It is rooted in the irrationality of measuring competence in Indiana law by the ratio of one's Indiana practice to one's out of state practice instead of by the amount of one's Indiana practice. How much or how little one does elsewhere is irrelevant to one's competence to practice law in Indiana, save as one's out of state practice affects the size of one's Indiana practice. Confining the waiver of the bar exam to full-time practitioners in Indiana would be a measure at least rationally related to the state's interest in protecting its consumers of legal services. *Goldfarb v. Supreme Court of Virginia*, 766 F.2d 859 (4th Cir.1985). Indiana's rule is not.

Consider next the case of a person who practices law in Washington, D.C., and whose major client is Eli Lilly, a large Indiana firm, which the lawyer represents exclusively before the Food and Drug Administration. The lawyer knows no Indiana law; he has never handled a problem involving Indiana law, either for Eli Lilly or for anyone else. But if more than 50 percent of his practice is representing Lilly, he is entitled to be admitted to the Indiana bar without taking the bar exam, because the rule defines the practice of law "in Indiana" to include representing Indiana clients anywhere. A similar example would be a products-liability lawyer in Hawaii whose predominant practice was defend-

ing products-liability suits brought against Eli Lilly under the law of Hawaii and who like my FDA lawyer had no knowledge of or experience with the law of Indiana. Again these are not just the inevitable hard cases. They are rooted in the irrationality of defining the practice of Indiana law with reference to the residence of clients rather than to the nature of the legal work done for them.

It is not as if an alternative rule designed to allow the substitution of practical experience for taking the bar exam as a token of competence would generate equivalent irrationalities; in that event Indiana's rule, though bad, might be as good as circumstances permitted. If the rule simply required some minimum number of hours a year practicing law in Indiana, with "practice in Indiana" defined as practicing in the courts of Indiana (including the federal courts of Indiana in diversity cases) and before Indiana administrative agencies, or providing advice on matters of Indiana law, it would not produce the irrational results that the challenged rule is bound to produce. It also would not (unless the minimum were set very high) constitute a tax on having a large practice outside Indiana, as the challenged rule does. The rule discriminates against the practice of law outside Indiana without contributing appreciably to the state's legitimate interest in having knowledgeable lawyers. The rule flunks the laxest sort of balancing test.

I am mindful that if the rule were invalidated, as I think it should be, Indiana might respond by making all lawyers who want to practice law in Indiana take the Indiana bar exam. But that is speculation. The pressures that led Indiana to adopt the present rule are at least as likely to induce it to adopt a rational substitute.

The fact that I disagree with the panel's decision is of course not a sufficient basis for wanting to hear the case argued en banc. But keeping the channels of interstate commerce free from unreasonable obstructions (obstructions that include constraints and incentives concerning where lawyers practice) is a particularly important responsibility of federal judges and one we are especially competent to discharge when the commerce in question is the commerce in legal services. We are lawyers ourselves. We understand this branch of commerce.